UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ZANE TARANTO,

                Plaintiff,

-against-

CITY OF NEW ROCHELLE, CITY OF NEW ROCHELLE
POLICE DEPARTMENT, POLICE OFFICER
TIMOTHY ADRIAN,
IN HIS INDIVIDUAL CAPACITY AND OFFICIAL
CAPACITYAS A POLICE OFFICER OF THE CITY OF
NEW ROCHELLE POLICE DEPARTMENT,
JOHN DOES # 1 - # 5, BEING POLICE OFFICERS OF
THE CITY OF NEW ROCHELLE WHO'S IDENTITIES
ARE PRESENTLY UNKNOWN,

                Defendant(s).
------------------------------------------------------------------x

**COMPLAINT**

**08 CIV. 8930**

**JURY TRIAL DEMANDED**

JUDGE SEIBEL

      Plaintiff, ZANE TARANTO, by and through his attorneys, BANK, SHEER, SEYMOUR & HASHMALL, complain of the defendants and allege as follows:

## JURISDICTION

    1.    This action arises under the authority vested in this Court by virtue of and pursuant to Title 42, Chapter 21 United States Code (hereinafter U.S.C.) §1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1343, 2201 and 42 U.S.C. §1983.

    2.    Plaintiff brings this action against Defendants to redress the deprivation of guaranteed Constitutional rights secured to him by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to Title 42 U.S.C. §1983.

## JURY TRIAL DEMANDED

    Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

1

## VENUE

3.  Venue in this District is proper pursuant to 28 U.S.C. §1391(b) (1), (b) (2) and (c) because every part of the events giving rise to this action arose within this Judicial District. Defendants are therefore subject to personal jurisdiction in this judicial district. Venue is proper in this District pursuant to 28 U.S.C. §1391 and rests with this Court since all circumstances and issues pertaining to the instant matter as the basis of the cause of action occurred within the District and jurisdiction of this Court and all parties reside and/or have their place of business within the Court's jurisdiction.

## CLAIM

4.  This claim asserts that the defendants, while acting in their official and individual capacities, have engaged in a concerted effort, a course of conduct, have organized and executed unlawful police tactics under color of law, within and beyond the scope of employment with the intent to deprive ZANE TARANTO of various rights, privileges, and immunities which defendants knew, or should have known, were secured and guaranteed under the Constitution of the United States, in violation of 42 U.S.C. §1983.

5.  As a direct and proximate result of the Defendant's actions, Plaintiff has suffered assault, battery, excessive force and the unlawful seizure of his person as well as deprivations of due process and the exercise of his freedoms and Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. §1983.

## PARTIES

6.  At all times herein mentioned, Plaintiff, ZANE TARANTO (hereinafter TARANTO) is a natural person and a citizen of the United States who was and still is a resident of the County of Richmond, State of New York currently residing in Staten Island, New York.

7.  Upon information and belief, at all times hereinafter mentioned, Defendant CITY OF NEW ROCHELLE, is and was at all times relevant a municipal corporation duly organized and existing under and pursuant to the Laws of the State of New York, and located in the State of New York with a principal place of business at 515 North Ave, City Hall, New Rochelle, New York 10801. Defendant CITY OF NEW ROCHELLE assumes all the risks incidental to the hiring and training of police officers, as well as to the maintenance of a police force and the employment of law enforcement officers as said risk attaches to the public consumers of services provided by the NEW ROCHELLE POLICE DEPARTMENT.

8.  Upon information and belief, at all times hereinafter mentioned, Defendant, CITY OF NEW ROCHELLE POLICE DEPARTMENT (hereinafter "NEW ROCHELLE POLICE DEPARTMENT") has and still does maintain a Police Department and the Defendant NEW ROCHELLE POLICE DEPARTMENT, has duly appointed police officers, pursuant to New York Law and is located in the State of New York with a principal place of business at and located in the State of New York with a principal place of business of 475 North Ave., New Rochelle, New York 10801.

9.  At all relevant times hereinafter mentioned, Defendant ADRIAN was and is employed by Defendants CITY OF NEW ROCHELLE and NEW ROCHELLE POLICE DEPARTMENT as a police officer.

10. At all relevant times hereinafter mentioned, Defendants JOHN DOES # 1-5 were and are employed by Defendants CITY OF NEW ROCHELLE and NEW ROCHELLE POLICE DEPARTMENT as police officers.

11. Upon information and belief, at all relevant times, Defendant, TIMOTHY ADRIAN (hereinafter ADRIAN) and JOHN DOES # 1-5 were acting in their official capacity as police officers within the scope of their employment, authority, and under color of law.

## FACTUAL AND GENERAL ALLEGATIONS

12. On or about the 30th day of October, 2005 plaintiff was at or about the premises known as O'Brien's Bar located on North Ave, New Rochelle, New York and within the County of Westchester.

13. Plaintiff walked outside the premises known as O'Brien when an altercation occurred between two individuals outside of the bar.

14. Defendant ADRIAN, along with fellow police officers of the NEW ROCHELLE POLICE DEPARTMENT, including JOHN DOES # 1-5, responded to the scene of the altercation.

15. While lawfully standing on the sidewalk in front of O'Brien's Bar, Plaintiff TARANTO was struck by a police flashlight without cause, by a member of the NEW ROCHELLE POLICE DEPARTMENT.

16. Plaintiff TARANTO, in response to being unlawfully struck by the police flashlight, started yelling at the police officers who had responded to the scene "Fuck you pigs, What? You think you guys are real cops? You think you guys are NYPD?"

17. After plaintiff yelled, defendant ADRIAN ran up to Plaintiff TARANTO, who was, by then, standing on the sidewalk, grabbed him, and threw him up against a brick wall. TARANTO did not resist the actions of the officer.

18. Defendant ADRIAN kneed Plaintiff TARANTO and then slammed his face into a steel parking meter. TARANTO was seriously injured by ADRIAN'S unlawful conduct and slumped to the pavement.

19. While prone on the sidewalk, plaintiff TARANTO was then stomped on by members of the NEW ROCHELLE POLICE DEPARTMENT including defendant ADRIAN and JOHN DOES # 1-5.

20. As a direct and proximate result of the constitutional deprivations, unlawful assault, battery, and excessive use of force, plaintiff TARANTO sustained multiple physical and emotional injuries causing pain and suffering, the need for surgical interventions, medical expenses, and continuing permanent disabilities.

## AS AND FOR A FIRST CAUSE OF ACTION
### BATTERY- TITLE 42 U.S.C. §1983
### FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

21. Plaintiff repeats, realleges, and incorporates each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein 1 through 22 with the same force and effect as if fully set forth at length herein.

22. Defendant ADRIAN, acting in his official capacity, authority, under color of law, and individually, did seize and batter Plaintiff TARANTO when ADRIAN intentionally pummeled, kicked, punched and grabbed Plaintiff's body in an offensive manner in violation of 42 U.S.C. 1983 for the purpose of either directly or indirectly depriving TARANTO of his constitutional rights under the Fourth Amendment (to be secure in his person and effects against

5

unreasonable searches and seizures), Fifth Amendment (deprived of liberty or property without due process of law), Eighth Amendment (nor cruel and unusual punishments inflicted), and Fourteenth Amendment (nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws) of the United States Constitution, Title 42 U.S.C. §1983.

23. The shoving, grabbing, striking, punching, kneeing, kicking and application of physical force to the Plaintiff by defendants ADRIAN and JOHN DOES # 1-5 when they had no lawful authority or the consent of the plaintiff to do so, was without justification, was excessive, and constitutes battery for which Defendants ADRIAN and JOHN DOES # 1-5 acting in his official capacity, within and/or beyond the scope of his employment, authority, and under color of law are individually liable.

24. That during the course of this battery, defendant ADRIAN and JOHN DOES # 1-5 did through their own volition, intentionally cause a harmful and offensive contact with Plaintiff, TARANTO by inter alia punching, kneeing, striking, and kicking him, and purposely slamming his face into a steel parking meter, depriving TARANTO of his Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. §1983.

25. That during the course of the battery, defendants ADRIAN and JOHN DOES # 1-5 intended to cause TARANTO to suffer such harmful and offensive physical contact.

26. TARANTO never consented to suffer such harmful and offensive contact.

27. Defendants did intend to, and did intentionally inflict physical harm to Plaintiff through their uninvited contact.

6

28. Defendants knew with substantial certainty that their actions would cause harm to the Plaintiff resulting in injury.

29. Upon information and belief, Defendants CITY OF NEW ROCHELLE and NEW ROCHELLE POLICE DEPARTMENT subsequently ratified this battery as demonstrated by Plaintiff's subsequent arrest and prosecution.

30. That by reason of the aforementioned, Defendants caused Plaintiff to suffer severe psychological distress, trauma, nervousness, anxiety, embarrassment, humiliation and physical injury.

31. As a proximate result of the battery committed by Defendant ADRIAN and JOHN DOES # 1-5 by reason of the foregoing, and as a proximate result of the aforementioned conduct of the Defendants, Plaintiff has sustained permanent injuries and has incurred medical bills and other expenses.

32. These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental and physical. Plaintiff suffered severe facial trauma and multiple orthopedic injuries including fractures and a dislocation with attendant pain, suffering, and continuing disabilities, and was otherwise injured, thereby causing the damages that are the subject of this complaint.

33. That by reason of and in consequence of Defendant's intentional and harmful and offensive physical contact, Plaintiff required and received medical care and treatment, medical procedures and preparations, surgical interventions and examinations.

34. That by reason of and in consequence of the above, Plaintiff has for some time required medicines, medical attention, and has also incurred medical expenses.

35. That by reason of and in consequence of Defendant's intentional harmful and offensive physical contact, Plaintiff will be required to expend and incur further sums for medical and other attention.

36. As a result of the injuries sustained by the Plaintiff due to the Defendant's intentional contact, the Plaintiff sustained damages in a sum of money having a present value that exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction of this matter.

37. The aforesaid injuries to Plaintiff and resultant damages occurred as a proximate result of the intentional infliction of a harmful nonconsensual contact of the defendants ADRIAN and JOHN DOES # 1-5 as herein fore described depriving Plaintiff TARANTO of his Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. §1983.

### AS AND FOR A SECOND CAUSE OF ACTION
### ASSAULT – TITLE 42 U.S.C. §1983
### FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

38. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 39 with the same force and effect as if fully set forth at length herein.

39. On or about the 30th day of October, 2005, plaintiff, TARANTO was at or about the premises known as O'Brien's Bar located on North Ave, New Rochelle, New York and within the County of Westchester where Defendants ADRIAN and JOHN DOES # 1-5 with the intent to inflict physical harm to plaintiff, did assault him and deprive him of his Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. §1983.

40. That defendants ADRIAN and JOHN DOES # 1-5 acting in their official capacity, within and/or beyond the scope of their employment, authority, under color of law, and individually, engaged in actions with intent to inflict physical harm to and upon plaintiff, TARANTO did place plaintiff TARANTO in imminent apprehension of a harmful or offensive contact as the Defendants attempted to strike, punch and use physical force against the plaintiff's body.

41. The Defendant's actions were of such a nature as to excite and cause the apprehension of a battery.

42. That during the course of the assault, Defendants ADRIAN and JOHN DOES # 1-5 intended to cause TARANTO to suffer such a contact, or apprehension that such a contact was imminent.

43. That by reason of and in consequence of Defendant's act, Plaintiff was aware of the threat and he was in imminent apprehension of a harmful or offensive contact from the defendant ADRIAN and JOHN DOES # 1-5, and plaintiff, TARANTO'S imminent apprehension was reasonable.

44. That during the course of this assault, defendants ADRIAN and JOHN DOES # 1-5 had the ability and opportunity to carry out the threat immediately and in fact did so.

45. That by reason of and in consequence of defendants' action, the plaintiff TARANTO was caused to suffer such harmful and offensive physical contact resulting in further physical harm and deprivation of TARANTO'S Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and in violation of 42 U.S.C. §1983.

46. Defendants ADRIAN and JOHN DOES # 1-5 did intend a harmful contact upon TARANTO and struck, punched, kicked and used physical force upon his person.

47. That prior to and during the course of the assault, TARANTO never consented to any contact from or by the Defendants ADRIAN and JOHN DOES # 1-5.

48. That by reason of and in consequence of Defendant's actions, Defendants ADRIAN and JOHN DOES # 1-5 acting in their official capacity and individually did place plaintiff TARANTO in imminent apprehension of a harmful and offensive physical contact.

### AS AND FOR A THIRD CAUSE OF ACTION
### EXCESSIVE USE OF FORCE, 42 U.S.C. §1983
### FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS

49. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 58 with the same force and effect as if fully set forth at length herein.

50. Defendants ADRIAN and JOHN DOES # 1-5 acting in their official capacity, authority, under color of law, and individually, engaged in actions using excessive force against TARANTO in that the force applied against TARANTO was not the minimum amount of force necessary to safely affect the arrest of TARANTO but rather excessive force was used maliciously and sadistically to cause harm resulting in plaintiff's injuries as a result of the use of excessive force resulting in an unreasonable seizure in violation of the Fourth amendment (Title 42 U.S.C. §1983).

51. That by the reason of the aforementioned, Defendants ADRIAN and JOHN DOES # 1-5 caused TARANTO to suffer severe psychological distress, trauma, nervousness, anxiety, embarrassment, humiliation, pain, suffering, and physical injury.

52.  As a result of the aforementioned conduct of the Defendants, TARANTO suffered severe facial trauma and multiple orthopedic injuries including fractures and a dislocation, pain, and suffering and was otherwise injured, thereby causing the damages that are the subject of this complaint.

53.  Defendants' ADRIAN and JOHN DOES # 1-5 egregious actions deprived TARANTO of his Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution (42 U.S.C. §1983).

### AS AND FOR A FOURTH CAUSE OF ACTION
### CIVIL RIGHTS VIOLATION, 42 U.S.C. §1983
### FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS

54.  Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 56 with the same force and effect as if fully set forth at length herein.

55.  At all times material to this complaint, the Defendant CITY OF NEW ROCHELLE and NEW ROCHELLE POLICE DEPARTMENT had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the individual defendants.

56. On information and belief, the defendants CITY OF NEW ROCHELLE and NEW ROCHELLE POLICE DEPARTMENT failed to effectively screen, hire, train, supervise, and discipline its law enforcement personnel, including defendants, for their propensity for violence and the use of excessive force, thereby permitting defendants ADRIAN and JOHN DOES # 1-5, to be in a position to violate the plaintiff's federal constitutional and statutory rights.

57. The defendants CITY OF NEW ROCHELLE and NEW ROCHELLE POLICE DEPARTMENT being aware that such lack of effective screening and hiring, and lack of

11

training, supervision, and discipline lead to improper conduct by its employee law enforcement personnel, acted with deliberate indifference in failing to establish a program of effective screening and hiring, and failing to establish a program of training, supervision and discipline.

58. On information and believe, the defendants CITY OF NEW ROCHELLE and NEWROCHELLE POLICE DEPARTMENT failed to put into place and maintain a structure for risk containment and stress management relative to its employee law enforcement personnel. Said structure was deficient, at the time of pre-selection and selection, to (a) evaluate and exchange information within the command structure about the performance of individual law enforcement personnel; (b) train supervisory personnel to effectively and adequately evaluate the performance of law personnel; and (c) otherwise put the command structure on notice that an individual or individuals were a significant risk to the public at large. The net effect of this was to permit law enforcement personnel of the Defendant CITY OF NEW ROCHELLE and NEWROCHELLE POLICE DEPARTMENT to function at levels of significant and substantial risk to the public at large.

59. As a result of a conscious policy, practice, custom or usage, defendants CITY OF NEW ROCHELLE and NEW ROCHELLE POLICE DEPARTMENT, have permitted and allowed for the employment and retention of individuals as law enforcement personnel whose individual circumstances place the public at large, or segments thereof, at substantial risk of being the victims of discriminatory, assaultive, abusive, or otherwise illegal and offensive behavior. Such policy, practice, custom and usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the plaintiff.

60. As a direct and proximate result of the defendant's wrongful policies, practices, customs and usages complained of herein, the plaintiff has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, and medical expenses.

61. That by reason of and in consequence of defendant's action, the plaintiff TARANTO was caused to sufferer such harmful and offensive physical contact resulting in further physical harm and deprivation of TARANTO'S Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. §1983.

## **PRAYER FOR RELIEF**

Pursuant to 42 U.S.C.A. §1988, plaintiffs are entitled to a reasonable allowance for attorney fees as a part of their costs. Therefore, plaintiff requests judgment against defendants, and each of them for:

>1. Compensatory and Consequential damages in an amount to be determined by the trier of fact.
>
>2. Punitive damages against the individual defendants in an amount to be determined by the trier of fact.
>
>3. Reasonable attorney fees; Cost of suit; and
>
>4. Such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
        October 17, 2008

By: DANIEL A. SEYMOUR
Attorney for Plaintiffs  5877

399 Knollwood Road - Suite 220
White Plains, New York 10603
(914) 761-9111

To:

NEW ROCHELLE POLICE DEPARTMENT
475 North Ave
New Rochelle, NY 10801
(914) 654-2300

CITY OF NEW ROCHELLE
515 North Ave
City Hall
New Rochelle, NY 10801
(914) 654-2000

TIMOTHY ADRIAN C/O
NEW ROCHELLE POLICE DEPARTMENT
& CITY OF NEW ROCHELLE
475 North Ave
New Rochelle, NY 10801
(914) 654-2300

JOHN DOES # 1-5 C/O
NEW ROCHELLE POLICE DEPARTMENT
475 North Ave.
New Rochelle, NY 10801
(914) 654-2300